UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS FRANK URBAN,

    Petitioner,       Case Number: 07-15092

v.              HONORABLE AVERN COHN

MARY BERGHUIS,

    Respondent.
_____/

**MEMORANDUM AND ORDER
ADOPTING REPORT AND RECOMMENDATION
AND
DENYING APPLICATION FOR WRIT OF HABEAS CORPUS
AND
DENYING MOTION FOR EVIDENTIARY HEARING
AND
DENYING A CERTIFICATE OF APPEALABILITY
AND
DISMISSING CASE**

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Thomas Frank Urban (Petitioner) is a state prisoner convicted by a jury of assault with a dangerous weapon and by a second jury of assault with intent to commit murder and possession of a firearm during the commission of a felony. Petitioner claims he is incarcerated in violation of his constitutional rights. Petitioner specifically claims that (1) he was denied an evidentiary hearing on his ineffective assistance of counsel claim, (2) the prosecutor committed misconduct, and (3) his trial counsel was ineffective. Included in his petition

is a motion for an evidentiary hearing. The matter was referred to a magistrate judge for a report and recommendation (MJRR). The magistrate judge, in a thoroughgoing analysis, recommends that the petition be denied for lack of merit and that Petitioner's request for an evidentiary hearing be denied. The magistrate judge also recommends that a certificate of appealability be denied.

Before the Court are Petitioner's objections to the MJRR.[1] For the reasons that follow, the MJRR will be adopted, the petition will be denied, and Petitioner's motion for a evidentiary hearing and certificate of appealability will also be denied.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

A general objection, or one that merely restates the arguments previously

---

[1] Respondent filed a response, contending that Petitioner's objections should not be considered because they were not timely filed. This argument is not well-taken. Petitioner was given several extensions of time in which to file objections and timely filed them per the latest extension.

presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir.1991)

III.

Petitioner first objects to the magistrate judge's use of the prosecutor's brief on appeal in the Michigan Court of Appeals to detail the factual background. Petitioner says that contrary to the magistrate judge's statement that the brief "accurately summarized" the evidence, the brief was non-objective and presented a biased and prejudicial recitation of the facts which resulted in "faulty legal findings and conclusions." Petitioner suggests that the magistrate judge should have "read, review[ed] and summariz[ed] the trial transcripts in setting forth the background. This objection is not well-taken. Simply because the magistrate judge chose to detail the background facts from the prosecutor's brief does not mean that the magistrate judge did not review the record in analyzing Petitioner's claims. Indeed, it is clear from the MJRR that the magistrate judge painstakingly reviewed the trial record in considering Petitioner's claims. Moreover, while Petitioner takes issue with several factual statements, he does not explain how those alleged factual inaccuracies tie into the proper resolution of his claims. At best, Petitioner simply disagrees with various witnesses' testimony at trial which does not amount to any error by the magistrate judge.

Petitioner also objects to the magistrate judge's "interpretation and characterization of Petitioner's first habeas claim." As a result, Petitioner says the

magistrate judge found Petitioner had not cited to relevant case law.  Petitioner says his first claim was "that the actions of the Michigan Court of Appeals precluded his appellate counsel [who is Petitioner's counsel in this case] from providing effective assistance" and therefore asked for an evidentiary hearing as the form of relief for this claim.  This is precisely the claim the magistrate judge considered and rejected, properly, on the grounds that the Michigan Court of Appeals' failure to hold an evidentiary hearing on a claim of ineffective assistance of counsel does not constitute a denial of due process or show that appellate counsel was ineffective.  The magistrate judge also considered Petitioner's request for an evidentiary hearing later in the MJRR and concluded it was not warranted.  Thus, Petitioner's claim was examined as it was presented.  This objection is overruled.

Petitioner's next objection concerns his prosecutorial misconduct claim, again contending that the magistrate judge improperly characterized the claim.  The magistrate judge found that although Petitioner claimed certain instances of prosecutorial misconduct, to the extent he claimed the prosecutor committed misconduct by commenting on evidence which was admitted, this presented evidentiary issues for which habeas relief is not available.  The Court agrees.  Moreover, even if the evidence was improperly admitted, the magistrate judge was correct in finding that Petitioner was not entitled to habeas relief on that basis.  Moreover, the magistrate judge was not "inconsistent" in discussing whether certain evidence--prior domestic abuse of his wife–was properly admitted.  Rather, the magistrate judge explained how the admission of the evidence was proper at Petitioner's first trial as relevant to one charge but improperly admitted at the second trial which did not involve the same

charge. The magistrate judge then concluded, as did the court of appeals, that Petitioner was not prejudiced by its introduction at the second trial. This objection lacks merit.

Petitioner next objects to the magistrate judge's conclusion regarding the use of Petitioner's pre-arrest silence. Petitioner says that the time period in question was at best a few seconds and the magistrate judge erroneously characterized the facts. This objection is not fully understood. However, it makes no difference as to the length of time of the pre-arrest silence because there is no clearly established Supreme Court precedent on the issue of using pre-arrest silence as evidence of guilt. As such, the Michigan Court of Appeals's conclusion that the evidence was properly admitted does not provide a basis for habeas relief. This objection is overruled.

Petitioner then makes several objections to the magistrate judge's analysis regarding Petitioner's allegations of ineffective assistance of counsel. These objections, which pertain to a failure to file pre-trial motions, failure to objects, and failure to obtain transcripts, essentially present the same arguments considered and rejected by the magistrate judge. The Court agrees with the magistrate judge's conclusions. As such, this objection fails.

Finally, Petitioner objects to the magistrate judge's determination that there is no need for an evidentiary hearing. The Court disagrees. Regardless of what evidence an evidentiary hearing might yield in terms of trial counsels' performance, the magistrate judge is correct in that Petitioner must still show prejudice. Moreover, in examining the state court records, it is clear that Petitioner cannot make the requisite showing of prejudice.

Overall, Petitioner has failed to convince the Court that the magistrate judge erred in its analysis and conclusion regarding Petitioner's claims.

IV.

As to a certificate of appealability, effective December 1, 2009, the newly created Rule 11 of the Rule Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue a certificate of appealability when it enters a final order adverse to th applicant." Rule 11(a), 28 U.S.C. foll. § 2254. For all the reasons stated in the MJRR, reasonable jurists would not debate whether Petitioner is entitled to habeas relief or an evidentiary hearing.

V.

Accordingly, the MJRR is ADOPTED as the findings and conclusions of the Court, as supplemented above. Petitioner's application for writ of habeas corpus is DENIED. Petitioner's motion for an evidentiary hearing is DENIED. A certificate of appealability is DENIED.

This case is DISMISSED.

SO ORDERED.

Dated:  January 28, 2010               s/ Avern Cohn
                                       AVERN COHN
                                       UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 28, 2010, by electronic and/or ordinary mail.

                                        s/ Julie Owens
                                       Case Manager, (313) 234-5160